UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

STEVEN M. STATHAS, JR.,

    Plaintiff,

    v.            Case No. 18-CV-1456

JUDY SMITH,
CLINTON BRYANT,
TODD GILLINGHAM,
SCOTT WALKER, and
CATHY A. JESS,

    Defendants.

---

## ORDER

---

On September 17, 2018, plaintiff Steven Stathas, Jr., who is representing himself, filed a civil rights complaint alleging that the defendants violated his constitutional rights. The Prison Litigation Reform Act applies to this case because Stathas was incarcerated when he filed his complaint. As required by that law, the court screened Stathas's complaint to determine whether he stated claims against any of the defendants. (ECF No. 10.) The court found that he did not; however, it gave him an opportunity to file an amended complaint to cure the deficiencies identified in the screening order. Stathas filed an amended complaint on November 8, 2018.

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The allegations in Stathas's amended complaint are largely the same as the allegations in his original complaint. He alleges that Warden Judy Smith, Inmate Complaint Examiner Todd Gillingham, and the acting Education Director Clinton Bryant are hindering his ability to access the courts by denying him paper, stamps, sufficient

library time, and/or e-filing. He also alleges that Governor Scott Walker and Department of Corrections (DOC) Secretary Cathy Jess are violating his constitutional rights by not requiring institutions to comply with Wisconsin statutes and/or DOC policy.

In its original screening order the court explained to Stathas that prisoners do not have a constitutional entitlement to subsidy to prosecute a civil suit. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002)). That said, "the right of access to the courts requires prison officials to provide prisoners with the necessary tools to attack their sentences, directly or collaterally, and to challenge the conditions of their confinement." *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). The court explained that these tools include, at a minimum, "pen and paper to draft legal documents with notarial services to authenticate them, and with stamps to mail them." *Bounds v. Smith*, 430 U.S. 817, 825 (1977). The right of access also requires that prisoners have access to reasonably adequate law libraries (or similar services) to prepare for their legal actions. *Bounds*, 430 U.S. at 830.

The court informed Stathas that, to state an access-to-the-courts claim, in addition to alleging denial of these necessary tools, he must also allege the prejudice he suffered as a result of the alleged denials. *Marshall v. Knight*, 445 F.3d 965, 969-70 (7th Cir. 2006). The court found that Stathas's original complaint was deficient because he failed to "spell out, in minimal detail, the connection between the alleged denial[s] … and an inability to pursue a legitimate challenge to a conviction, sentence, or prison condition." *Id.* at 968.

The court advised Stathas that the defendants' alleged denials must have done more than merely inconvenienced him; they must have "caused a potentially meritorious claim to fail." *Marshall*, 445 F.3d at 969. The court further advised Stathas that he would not state a claim if he could only "point[] to some injury he might later incur." *Id.* "[T]he absence of an actual or imminent injury—as opposed to a merely speculative future one—would deprive [this court] of jurisdiction…." *Id.* at 969-70.

In his amended complaint Stathas alleges that he "has missed court deadlines to file his brief." (ECF No. 11 at 2.) However, he also alleges that he "has pleaded with the Court of Appeals that he is indigent and unable to meet the policies of the COA, which *could* allow COA to dismiss his appeal." (*Id.*) (emphasis added). He goes on to explain that he "cannot speculate what the COA will do as far as a decision on his brief" and that "[d]enying of his legal loan *could* have consequences by having his case dismissed…." (*Id.* at 3) (emphasis added). In other words, Stathas has not suffered an injury; he only fears that he *may* suffer an injury. Because fear of a future injury is an insufficient basis upon which to state claim that he has been denied access to the courts, the court finds that Stathas fails to state a claim upon which relief can be granted.

Stathas also fails to state a claim against Walker and Jess based on his allegations that they allow institutions to violate Wisconsin statutes and DOC policy regarding legal loans and library access. "The federal government is not the enforcer of state law." *Pasiewicz v. Lake County Forest Preserve Dist.*, 270 F.3d 520, 526 (7th Cir. 2001) (citations

4

omitted). As such, Stathas's insistence "that state rules or statutes [were] violated does not in and of itself amount to a constitutional violation or give rise to an actionable § 1983 claim." *Whitman v. Nesic*, 368 F.3d 931, 935, n.1 (7th Cir. 2004) (citations omitted).

**ORDER**

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim.

The court will document that Stathas has incurred a "strike" under 28 U.S.C. § 1915(g) and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend the deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year

5

after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 16th day of November, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge